UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LAVELL RAMONE PORTER, | Case No. 19-CV-3198 (NEB/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| VICKI JANSSEN, | |
| Respondent. | |

This matter comes before the Court on Petitioner Lavell Ramone Porter's Motion for Stay of Habeas Proceedings (Stay Motion). (ECF No. 1). For the reasons discussed below, the Court recommends the motion be denied and the action be dismissed without prejudice.

**I.   BACKGROUND**

In September 2016, authorities charged Porter with two counts of kidnapping, one count of first-degree criminal sexual conduct, one count of first-degree assault, and one count of false imprisonment.  *See* Register of Actions, *State v. Porter*, Case No. 27-CR-16-24622 (Minn. Dist. Ct.) (*Porter* Docket).[1]  In June 2017, a jury found Porter guilty of one kidnapping count as well as the criminal-sexual-conduct and assault counts. *See Porter* Docket; *State v. Porter*, No. A17-1707, 2018 WL 4391094, at *2 (Minn. App. Sept. 17,

---

[1] The state-court records cited herein are not attached to any filings. They are publicly accessible, however, and this Court may take judicial notice of public court records. *See, e.g.*, *Bellino v. Grinde*, No. 18-cv-1013 (NEB/LIB), 2019 WL 368398, at *1 n. 1 (D. Minn. Jan. 30, 2019) (citing cases).

2018).  The trial court sentenced Porter to 270 months imprisonment.  *See Porter* Docket; *Porter*, 2018 WL 4391094, at *2.

Porter filed a direct appeal, arguing that "he received ineffective assistance of counsel, that the district court abused its discretion by denying his request for a continuance two days before trial, and that he [was] entitled to a new trial due to a *Brady* violation." *Porter*, 2018 WL 4391094, at *1.  The Minnesota Court of Appeals affirmed Porter's conviction on September 17, 2018.  *See id.*  Porter did not petition the Minnesota Supreme Court for review of that order.  *See id.*; *Porter* Docket.

Porter then filed the Stay Motion in this Court on December 30, 2019.  *See* Stay Mot. 1.  Citing *Rhines v. Weber*, 544 U.S. 269 (2005), and *Akins v. Kenney*, 410 F.3d 451 (8th Cir. 2005), Porter asks the Court to stay this proceeding "while [he] [e]xhausts postconviction remedies in the state court." Stay Mot. 1.  Porter asserts that he plans to file a postconviction-relief petition in Minnesota state court "within 30 days" of the date that he filed the Stay Motion.  *Id.*  As of today's date, however—more than 30 days following the filing the Stay Motion — there is no indication that Porter has ever filed a postconviction-review petition in state court.  *See Porter* Docket.

As potential grounds for a future postconviction-review petition (and, the Court assumes, a future petition under 28 U.S.C. § 2254), Porter states that he was "recently made aware by his appellate counsel that the State's key expert witness [in Porter's criminal trial] was terminated from her position for fabricating her educational background," which has purportedly "prompted a call for independent review of all criminal cases that she was involved in." Stay Mot. 1.  Porter says that he only learned about the witness's termination

after his direct appeal concluded, and so had been unable to raise on direct appeal unspecified "constitutional claims based on this 'newly discovered' evidence." *Id.* at 1–2.

## II.  ANALYSIS

As noted above, the Stay Motion is based on the U.S. Supreme Court's decision in *Rhines v. Weber*, 544 U.S. 269 (2005).[2] *Rhines* holds that in some limited situations, federal courts can stay, rather than dismiss, a "mixed" habeas-corpus petition—i.e., one containing both exhausted and unexhausted claims. *Rhines* recognized that staying a federal habeas action during pending state proceedings could be appropriate in certain cases where denying the petition might eliminate a petitioner's chance for federal review of the unexhausted claims.

By way of background, the possibility of a lost chance exists because of 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations for federal habeas petitioners. *Rhines* held that a stay might be appropriate where a petitioner filed his federal habeas petition before the § 2244(d)(1) limitations period had expired, but the period expired before the federal district court determined that the relevant petition was "mixed." In such a situation, a district court could preserve the petitioner's unexhausted claims for future federal review by staying the federal action while the petitioner went to state court to try to exhaust the unexhausted claims. As the Supreme Court put it:

> Under this procedure, rather than dismiss the mixed petition pursuant to [*Rose v. Lundy*, 455 U.S. 509 (1982)], a district court might stay the petition and hold it in abeyance while the

---

[2] Porter also cites *Akins v. Kenney*, 410 F.3d 451 (8th Cir. 2005), but the part of *Akins* that he cites itself relies on *Rhines*. *See Akins*, 410 F.3d at 455–56 & n.1 (citing and discussing *Rhines*).

3

> petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court.

*Rhines*, 544 U.S. at 275–76.

*Rhines* also emphasized, though, that this "stay and abeyance" procedure "should be available only in limited circumstances":

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Id.* at 277. Furthermore, "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id.* at 278.

In this case, Porter apparently seeks a *Rhines* stay-and-abeyance order so that he can present some unspecified "constitutional claims" in Minnesota state court. For two reasons, the Court recommends denying that request.

First, *Rhines* makes clear that the procedure it contemplates is available only when a federal habeas petitioner has filed a mixed petition. The *Rhines* option lets such a petitioner return to state court to exhaust state-court remedies for those mixed-petition claims that are unexhausted. But here, no mixed petition is in play—indeed, Porter has not filed any § 2254 petition *at all*. There is no petition in this action's record. Nor is the Court aware of any action filed by Porter (here or elsewhere) presenting a petition. As a result Porter appears not to seek a stay in order to exhaust a potential claim in state court, but as

4

some sort of indeterminate placeholder that he can rely on if and when he ever unsuccessfully pursues his new claims in state court. *Rhines* affords no authority for such a stay.[3]

Second, for related reasons, the Court cannot perform the *Rhines* analysis here. As noted above, a *Rhines* analysis requires a court to consider whether there is good cause for a petitioner's failure to exhaust a particular claim in state court. Furthermore, a *Rhines* analysis also requires a court to determine whether a given claim is "plainly meritless." The Court cannot do these things here, given that Porter has not specified the particular claim (or claims) that he plans to present in state court. He suggests that a witness in his criminal trial had lied at some point about her educational background, but he does not identify what constitutional claims this fact might support. Without understanding Porter's potential claim, the Court cannot determine whether a *Rhines* stay preserving that claim is merited.

The Court thus cannot conclude that a *Rhines* stay is appropriate here. The Court therefore recommends denying the Stay Motion. As the Stay Motion commenced this action, and because the action presents nothing more for this Court to resolve, the Court further recommends that this action be dismissed without prejudice.[4]

---

[3] The Court need not—and so does not—make any determination as to Porter's deadline for a future § 2254 petition to be timely.

[4] Because motions for a stay are non-dispositive, they typically can be decided by order from the magistrate judge. *See, e.g.*, Fed. R. Civ. P. 72(a). Here, however, the Court's recommended resolution of the motion would effectively dispose of the action, a result that would normally require this Court to issue a report and recommendation to the District Judge. *Cf.* Fed. R. Civ. P. 72(b) (establishing dispositive-motion procedures). Thus, out

## III. RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner Lavell Ramone Porter's Motion for Stay of Habeas Proceedings (ECF No. 1), be **DENIED**.

2. This action be **DISMISSED** without prejudice.

Date: April 13, 2020         *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Porter v. Janssen*
Case No. 19-cv-3198 (NEB/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

---

of an abundance of caution, the Court has issued a report and recommendation on Porter's motion.